IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01804-RPM-MJW

DEBRA CASTILLO,

Plaintiff(s),

v.

BUREAU OF COLLECTION RECOVERY, LLC,
a Minnesota limited liability company,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Defendant's Motion to Set Aside Entry of Default Pursuant to Fed.R.Civ.P. 55(c) (Docket No. 11) is GRANTED.

"The court may set aside an entry of default for good cause." Shell v. American Family Rights Ass'n, 2012 WL 2370070, at *2 (D. Colo. June 22, 2012). See Fed. R. Civ. P. 55(c) "This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Shell, 2012 WL 2370070, at *2. "In determining whether the vacate the Clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entries of default; and (3) whether the defendant has a meritorious defense." Id. Each of these factors need not be considered by the court, and the court may consider other facts in its discretion. Id. "Guiding the court's analysis is the time-honored principle that '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Id. (quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)).

Here, substantially for the reasons stated in the motion (Docket No. 11) and reply (Docket No. 15), this court finds that the entry of default should be vacated. Defendant's failure to respond was not a calculated ploy to stave off litigation. Rather, defendant's representative responsible for coordinating litigation mistakenly believed the date of service was July 23, 2012, rather than July 12, 2012, and thus that defendant had until August 13 to answer. When it was learned that service was actually on July 12 and that default had been entered by the Clerk on August 6, defendant immediately retained counsel who entered his appearance on August 8 (Docket No. 10) and moved to vacate the entry of default the next day (Docket No. 11), which was only three days after default was entered. Such action does not evidence a desire to delay litigation but

Case 1:12-cv-01804-RPM-MJW   Document 16   Filed 08/22/12   USDC Colorado   Page 2 of 2

2

rather provides support for defendant's contention that its failure to respond was not due to culpable conduct.  Furthermore, plaintiff has shown no prejudice due to this very brief delay.  In addition, defendant maintains it has meritorious defenses to plaintiff's claims. (See Docket No. 15 at 15-1).  Defendant should have the opportunity to present these defenses and not have them tried through this motion.

It is thus further ORDERED that the defendant shall have up to and including August 31, 2012, to answer or otherwise respond to the Complaint.

Date:   August 22, 2012

2

rather provides support for defendant's contention that its failure to respond was not due to culpable conduct.  Furthermore, plaintiff has shown no prejudice due to this very brief delay.  In addition, defendant maintains it has meritorious defenses to plaintiff's claims. (See Docket No. 15 at 15-1).  Defendant should have the opportunity to present these defenses and not have them tried through this motion.

It is thus further ORDERED that the defendant shall have up to and including August 31, 2012, to answer or otherwise respond to the Complaint.

Date:   August 22, 2012